1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| JAMES LESHAWN BOONE,<br><br>             Plaintiff,<br><br>       v.<br><br>PETER SALCEDO, et al.,<br><br>             Defendants. | Case No. 1:20-cv-01037-EPG (PC)<br><br>ORDER FOR PLAINTIFF TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY *RES JUDICATA*<br><br>(ECF NO. 1) |

16

17

       James Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.

18

19

20

       Plaintiff filed the complaint commencing this action on May 22, 2020.  (ECF No. 1). Plaintiff alleges that he was injured while working as an Inmate Work Laborer at Corcoran State Prison, and that he was not promptly treated for his injury.

21

22

23

       Plaintiff also appears to allege that he brought a state tort action based on these allegations, and that he lost at summary judgment.   Thus, it appears from the face of Plaintiff's complaint that this case is barred by the doctrine of *res judicata*.

24

25

26

27

28

       Accordingly, the Court will order Plaintiff to show cause why this case should not be dismissed as barred by *res judicata*.  Alternatively, if Plaintiff believes that this case is barred by res judicata, Plaintiff may file a notice of voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).  Plaintiff must file a response within thirty days.  If Plaintiff fails to file a response, this Court will recommend to an assigned district judge that this case be

1  dismissed.

2  **I.   APPLICABLE LAW**

3      Federal courts "give the same preclusive effect to state court judgments that those

4  judgments would be given in the courts of the State from which the judgments emerged."

5  Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982); see also 28 U.S.C. § 1738.  Thus,

6  this Court will apply California law to determine the preclusive effect of the state court

7  judgment against Plaintiff.  Moldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004); see also

8  Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

9      Under California law, *res judicata* forecloses relitigation if "(1) A claim or issue raised

10  in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior

11  proceeding resulted in a final judgment on the merits; and (3) the party against whom the

12  doctrine is being asserted was a party or in privity with a party to the prior proceeding."  Pitzen

13  v. Superior Court, 120 Cal. App. 4th 1374, 1381 (2004) (citation omitted); see also Victa v.

14  Merle Norman Cosmetics, Inc., 24 Cal. Rptr. 2d 117, 120 (Ct. App. 1993) (*res judicata*

15  "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case,

16  involving the same party or one in privity to it, and which ended in a final judgment on the

17  merits"); McKinney v. Cty. of Santa Clara, 168 Cal. Rptr. 89, 92 (Ct. App. 1980) (*res judicata*

18  "precludes parties and their privies from relitigating a cause of action that has been finally

19  determined by a court of competent jurisdiction.").

20

21  **II.   ANALYSIS**

22      Plaintiff appears to allege that he brought a case in state court based on the same

23  allegations and against the same defendants.  (ECF No. 1, pgs. 2 & 5).  Plaintiff lost at

24  summary judgement.  (Id. at 2).  He then appealed, unsuccessfully.  (Id.).  Accordingly, the

25  second and third elements of *res judicata* appear to be satisfied.

26      As to the first element, it does not appear that Plaintiff is bringing identical claims.  It

27  appears that Plaintiff brought state tort claims in his state court case, and that in this case

28  Plaintiff is asserting claims under the federal constitution.  However, for purposes of *res*

*judicata*, California applies the "primary rights" theory.  Under this theory, "[i]f the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which *could have been raised*." Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1175 (1983)) (internal quotation marks omitted)). "'[U]nder the primary rights theory, the determinative factor is the harm suffered.  When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.'"  Id. (alteration in original) (quoting Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010)); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 365 (9th Cir. 1993) ("It is well settled that res judicata bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not.  A litigant cannot avoid the preclusive effect of res judicata by failing explicitly to plead federal constitutional violations in a prior state action.  While every litigant deserves his or her day in court, few deserve two.") (citations omitted).

Here, Plaintiff appears to be seeking compensation for the same harms as in his state action and from the same defendants.  Thus, it appears that his federal claims could have been asserted in his state action, and, under the primary rights theory, the first element is satisfied as well.

As all three elements appear to be satisfied, it appears that this case is barred by the doctrine of *res judicata*.

**III.    CONCLUSION AND ORDER**

It appears from the face of the complaint that the claims in this case are barred by *res judicata* because Plaintiff previously brought a case based on identical allegations against the same defendants, litigated his case, and lost.

Accordingly, IT IS ORDERED that Plaintiff has thirty days from the date of this order to show cause why this case should not be dismissed as barred by *res judicata*.  Alternatively, if Plaintiff believes that this case is barred by res judicata, Plaintiff may file a notice of

1    voluntarily dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

2         If Plaintiff fails to file a response, this Court will recommend to an assigned district

3    judge that this case be dismissed.

4

5    IT IS SO ORDERED.

6         Dated:    **August 5, 2020**                    /s/ *Erica P. Grosjean*

7                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28