UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LESHAWN BOONE,<br><br>Plaintiff,<br><br>v.<br><br>PETER SALCEDO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01037-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED AS BARRED BY THE DOCTRINE OF *RES JUDICATA*<br><br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

James Boone ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights case filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the complaint commencing this action on May 22, 2020.  (ECF No. 1). Plaintiff alleges that he was injured while working as an Inmate Work Laborer at Corcoran State Prison, and that he was not promptly treated for his injury.

In the complaint, Plaintiff states that he brought a case in state court based on the same allegations and against the same defendants (ECF No. 1, pgs. 2 & 5), that he lost at summary judgement (id. at 2), and that he appealed, unsuccessfully (id.).

As it appeared from the face of the complaint that Plaintiff previously brought a case based on identical allegations against the same defendants, litigated his case, and lost, the Court ordered Plaintiff to show cause why this case should not be dismissed as barred by *res judicata*.

1

(ECF No. 13).  On August 26, 2020, Plaintiff filed his response.  (ECF No. 14).

For the reasons that follow, the Court will recommend that this action be dismissed as barred by *res judicata*.

## I.    PLAINTIFF'S STATE CASE

In the exhaustion section of his complaint, Plaintiff states that he brought a prior case, 16C0396, in the Superior Court of Kings County.  (ECF No. 1, p. 2).  In the case Plaintiff brought in the Superior Court of Kings County, Plaintiff sued the defendants that he is suing in this action for the injuries alleged in this complaint, i.e., the knee injury Plaintiff sustained on November 24, 2015, when he fell into an uncovered pre-dug hole, and the delayed medical treatment afterwards.  (Id. at 2, 3, 5, & 6).[1]  In the state case, Plaintiff sued the defendants under state law, not federal law.  (Id. at 5) ("Plaintiff has filed a State Tort action on the above mentioned defendants, in State Courts, only to be told that his exclusive remedy against Plaintiff's 'CO-EMPLOYEES and EMPLOYER' would be the worker's compensation that was given to him.").  Plaintiff alleges that the state case was "Denied" by summary judgment.  (Id. at 2).  Plaintiff appealed to the Fifth Appellate District (F078463), but his appeal was "Denied."  Plaintiff appealed to the California Supreme Court (S259376), but they denied review.  (Id.).  Plaintiff then brought this section 1983 action.

## II.    APPLICABLE LAW

Federal courts "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 (1982); see also 28 U.S.C. § 1738.  Thus,

---

[1] In addition to the allegations in his complaint, Plaintiff includes declarations that he appears to have filed in his state action.  In the declarations, witnesses refer to Plaintiff falling into the pre-dug hole on November 24, 2015, and the delayed medical treatment.  See, e.g., Declaration of Eric Stills, ECF No. 1, pgs. 9-10 ("I witnessed the plaintiff fall inside a[n] uncovered, unmarked, pre-dug hole/trench, on November 24, 2015.... I witnessed the plaintiff ask for medical attention after sustaining his injury.  Shortly after, I witnessed staff and officers direct the plaintiff to walk back to the equipment yard, along with the rest of the inmates...."); Declaration of Brian Lewis, ECF No. 1, p. 8 ("I witnessed the plaintiff being helpedout [sic] of one of the uncovered trenches-hole that he fell into....  I witnessed the plaintiff request medical attention from IWL staff and correctional officers after being helped out of the trench or hole that he fell into....  I witnessed the plaintiff being directed to walk, with the rest of the group of inmates back to the equipment yard.  I witnessed the plaintiff walking very slowly, in obvious pain, and walking with a limp back to the equipment yard.").

this Court will apply California law to determine the preclusive effect of the state court judgment against Plaintiff.  Moldonado v. Harris, 370 F.3d 945, 951 (9th Cir. 2004); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir. 1993).

Under California law, *res judicata* forecloses relitigation if "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."  Pitzen v. Superior Court, 120 Cal. App. 4th 1374, 1381 (2004) (citation omitted); see also Victa v. Merle Norman Cosmetics, Inc., 24 Cal. Rptr. 2d 117, 120 (Ct. App. 1993) (*res judicata* "foreclose[s] relitigation of a cause of action or issue that was determined in a prior case, involving the same party or one in privity to it, and which ended in a final judgment on the merits"); McKinney v. Cty. of Santa Clara, 168 Cal. Rptr. 89, 92 (Ct. App. 1980) (*res judicata* "precludes parties and their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction.").

## III.    ANALYSIS

It is clear from the face of the complaint that Plaintiff brought a case in state court based on the same allegations and against the same defendants (ECF No. 1, pgs. 2 & 5), that he lost at summary judgment (id. at 2), and that he appealed, unsuccessfully (id.).  Accordingly, the second and third elements of *res judicata* are satisfied.

As to the first element, it does not appear that Plaintiff is bringing identical claims. Instead, Plaintiff alleges that he raised state tort claims in his state court case, whereas in this case, Plaintiff is asserting claims under the federal constitution.

However, for purposes of *res judicata*, California applies the "primary rights" theory. Under this theory, "[i]f the same primary right is involved in two actions, judgment in the first bars consideration not only of all matters actually raised in the first suit but also all matters which *could have been raised*."  Gonzales v. California Dep't of Corr., 739 F.3d 1226, 1233

(9th Cir. 2014) (quoting <u>Eichman v. Fotomat Corp.</u>, 147 Cal. App. 3d 1170, 1175 (1983)) (internal quotation marks omitted)).  "'[U]nder the primary rights theory, the determinative factor is the harm suffered.  When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.'"  <u>Id.</u> (alteration in original) (quoting <u>Boeken v. Philip Morris USA, Inc.</u>, 48 Cal. 4th 788, 798 (2010)); <u>see also</u> <u>Palomar Mobilehome Park Ass'n v. City of San Marcos</u>, 989 F.2d 362, 365 (9th Cir. 1993) ("It is well settled that res judicata bars subsequent actions on all grounds for recovery that could have been asserted, whether they were or not.  A litigant cannot avoid the preclusive effect of res judicata by failing explicitly to plead federal constitutional violations in a prior state action.  While every litigant deserves his or her day in court, few deserve two.") (citations omitted).

In this case, Plaintiff is seeking compensation for the same harm as in his state action, and from the same defendants.  Thus, his federal claims could have been asserted in his state action, and, under the primary rights theory, the first element is satisfied as well.

As all three elements are satisfied, this case is barred by the doctrine of *res judicata*.

In his response to the order to show cause, Plaintiff argues that because Kings County Superior Court did not have jurisdiction to hear his federal claims, Plaintiff could not have brought his federal claims in his state action and this action is not barred by *res judicata*.  (ECF No. 14, pgs. 1-2).  However, Plaintiff is incorrect.[2]  "[S]tate courts of 'general jurisdiction' can adjudicate cases invoking federal statutes, such as § 1983, absent congressional specification to the contrary."  <u>Nevada v. Hicks</u>, 533 U.S. 353, 366 (2001).  And, "California's superior courts are courts of general jurisdiction, which means they are generally empowered to resolve the legal disputes that are brought to them.  (Cal. Const., art. VI, §§ 1, 10; see generally 20 Am.Jur.2d (2015) Courts, § 66, p. 464 ['Courts of general jurisdiction have the power to hear and determine all matters, legal and equitable, except insofar as these powers have been

---

[2] Plaintiff appears to confuse state court jurisdiction and federal court jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute…."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  As described in these findings and recommendations, California superior courts are courts of general jurisdiction.

expressly denied.']).)"  Quigley v. Garden Valley Fire Prot. Dist., 7 Cal. 5th 798, 808 (2019). Thus, Kings County Superior Court had jurisdiction to hear Plaintiff's federal claims and this action is barred by *res judicata*.

## IV.    RECOMMENDATIONS AND ORDER

It is clear from the face of the complaint that the claims in this case is barred by *res judicata* because Plaintiff previously brought a case based on identical allegations against the same defendants, litigated his case, and lost.

Accordingly, the Court HEREBY RECOMMENDS that:

1.    This action be dismissed because it is clear from the face of the complaint that this action is barred by the doctrine of *res judicata*; and

2.    The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:    **August 27, 2020**                          /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE